## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOODSTREAM CORPORATION and FREDERICK PERKINS<br><br>    Plaintiffs,<br> v.<br><br>BIRD BUDDY, INC.<br><br>    Defendant. | C.A. No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Woodstream Corporation, ("Woodstream") and Frederick Perkins ("Perkins") (collectively, "Plaintiffs") by and through their attorneys, for their Complaint against defendant Bird Buddy, Inc. ("Defendant" or "Bird Buddy") allege as follows:

### Preliminary Statement

1.  This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

### Jurisdiction and Venue

2.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  Personal jurisdiction over Defendant is proper in this District for at least the following reasons: (1) Defendant is present in Delaware and has availed itself of the rights and benefits of the laws of Delaware; (2) Upon information and belief, Defendant has committed and continues to commit patent infringement in Delaware; (3) Upon information and belief, Defendant has derived substantial revenue from the sales of bird feeders in Delaware; and (4)

Defendant has purposefully established systematic and continuous business contacts with Delaware and should reasonably expect to be brought into Court in this District.

4. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is incorporated under the laws of the State of Delaware. Upon information and belief, Defendant has transacted business in this District and has committed acts of infringement in this District.

## Parties

5. Woodstream is a Pennsylvania corporation, with a principal place of business at 29 E. King Street, Lancaster, PA 17602.

6. Perkins is an individual who resides in Becket, Massachusetts. Perkins is a citizen of the United States.

7. Upon information and belief, Bird Buddy is a corporation that is incorporated in Delaware and has its principal place of business at 200 East Michigan Avenue, Suite 330, Kalamazoo, MI, 49007. Upon information and belief, Bird Buddy may be served with process via its registered agent, the Corporation Service Company, 251 Little Falls Drive, Wilmington, DE, 19808.

## The Asserted Patent

8. United States Patent Number 11,627,242 ("the '242 Patent"), entitled "Self-Contained Bird Feeder with Camera and Streaming Video", was duly and legally issued on April 11, 2023, and names Perkins as the inventor. Attached as Exhibit A is a true and correct copy of the '242 Patent.

9. The '242 Patent claims, among other things, a self-contained bird feeder configured to provide detailed images over a wireless network.

10. Perkins is the owner of the '242 Patent.

11. Woodstream holds an exclusive license under the '242 Patent, including the right to use, manufacture, import, market, distribute, sublicense, and sell products covered by the '242 Patent, and the right to assert, maintain, and obtain remedies for infringement of the '242 Patent.

**Defendant's Infringing Products and Activities**

12. Upon information and belief, Defendant has and continues to infringe the '242 Patent by using, selling, and offering for sale the Bird Buddy Smart Bird Feeder ("Smart Bird Feeder") in the United States and importing into the United States the Smart Bird Feeder that embodies or uses the invention claimed in the '242 Patent. The Smart Bird Feeder is shown in Exhibit B.

13. Upon information and belief, Defendant has been and is inducing infringement of the '242 Patent by actively and knowingly inducing others to use the Smart Bird Feeder that embodies or uses the inventions claimed in the '242 Patent. Defendant was aware of the '242 Patent and specifically intended its customers to use the Smart Bird Feeder, which has no substantial non-infringing use.

14. The Smart Bird Feeder shown in Exhibit B is a self-contained bird feeder that, as described throughout the Defendant's marketing materials, provides detailed images over a wireless network. A further detailed comparison of the Smart Bird Feeder to claims 1 and 3 of the '242 Patent is presented in Exhibit C.

15. Upon information and belief, Defendant has and continues to infringe the '242 Patent by using, selling, and offering for sale other products that incorporate the Smart Bird Feeder or share the same components as the Smart Bird Feeder, including the Smart Bird Feeder with Solar Roof, the Fall Bundle, the Perfect Gift Bundle, the Smart Bird Feeder PRO, and the Smart Bird Feeder PRO Solar ("Bundled Bird Feeders"), in the United States and importing into

the United States the Bundled Bird Feeders that embody or use the invention claimed in the '242 Patent. The Bundled Bird Feeders are shown in comparison with the Smart Bird Feeder in Exhibit D.

16. Upon information and belief, Defendant has been and is inducing infringement of the '242 Patent by actively and knowingly inducing others to use the Bundled Bird Feeders that embody or use the inventions claimed in the '242 Patent. Defendant was aware of the '242 Patent and specifically intended its customers to use the Bundled Bird Feeders, which have no substantial non-infringing use.

17. The Bundled Bird Feeders shown in Exhibit D each incorporate the Smart Bird Feeder and therefore share the same features as the Smart Bird Feeder in comparison to claims 1 and 3 of the '242 Patent described in Paragraph 12.

18. Upon information and belief, Defendant has and continues to infringe the '242 Patent by using, selling, and offering for sale the Bird Buddy Smart Hummingbird Feeder ("Smart Hummingbird Feeder") in the United States and importing into the United States the Smart Hummingbird Feeder that embodies or uses the invention claimed in the '242 Patent. The Smart Hummingbird Feeder is shown in Exhibit E.

19. Upon information and belief, Defendant has been and is inducing infringement of the '242 Patent by actively and knowingly inducing others to use the Smart Hummingbird Feeder that embodies or uses the inventions claimed in the '242 Patent. Defendant was aware of the '242 Patent and specifically intended its customers to use the Smart Hummingbird Feeder, which has no substantial non-infringing use.

20. The Smart Hummingbird Feeder shown in Exhibit E is a self-contained bird feeder that, as described throughout the Defendant's marketing materials, provides detailed

images over a wireless network. A further detailed comparison of the Smart Hummingbird Feeder to claim 1 of the '242 Patent is presented in Exhibit F.

21. Upon information and belief, Defendant has and continues to infringe the '242 Patent by using, selling, and offering for sale the Smart Hummingbird Feeder and other products that incorporate the Smart Hummingbird Feeder, including the Smart Hummingbird Feeder with Solar Roof ("Bundled Hummingbird Feeder"), in the United States and importing into the United States the Bundled Hummingbird Feeder that embodies or uses the invention claimed in the '242 Patent. The Bundled Hummingbird Feeder is shown in Exhibit G.

22. Upon information and belief, Defendant has been and is inducing infringement of the '242 Patent by actively and knowingly inducing others to use the Bundled Hummingbird Feeder that embodies or uses the inventions claimed in the '242 Patent. Defendant was aware of the '242 Patent and specifically intended its customers to use the Bundled Hummingbird Feeder, which has no substantial non-infringing use.

23. The Bundled Hummingbird Feeder shown in Exhibit G incorporates the Smart Hummingbird Feeder and therefore shares the same features as the Smart Hummingbird Feeder in comparison to claim 1 of the '242 Patent described in Paragraph 16.

24. Upon information and belief, Defendant has known of the existence of the '242 Patent, and its acts of infringement have been willful and in disregard for the '242 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

25. On May 14, 2023, Perkins sent an email to Defendant, asking Defendant to contact Perkins for a license, specifically referencing the recently granted '242 Patent and the Bird Buddy products. The initial email was directed to Kyle Buzzard ("Buzzard"), among others, at Bird Buddy.

26. On May 18, 2024, Buzzard responded to Perkins, writing that Defendant would review the '242 Patent and would follow up with Perkins. Perkins responded the same day, suggesting a connection with intellectual property counsel for any questions.

27. Perkins sent a subsequent email to Buzzard on May 26, 2023, describing that Perkins had begun negotiating licensing of the '242 Patent with other entities. Perkins did not receive any further communications directly from Defendant.

## COUNT 1

### Infringement of U.S. Patent No. 11,627,242

28. Woodstream and Perkins incorporate paragraphs 1-27 herein by reference.

29. Upon information and belief, Defendant has imported, used, offered to sell, sold and may now or in the future import, make, use and/or sell, in the United States and in Delaware, an invention described and claimed by the '242 Patent without authority or approval, with the importation, use, and sale of at least its Smart Bird Feeder shown in Exhibit B, its Bundled Bird Feeders shown in Exhibit D, its Smart Hummingbird Feeder shown in Exhibit E, and its Bundled Hummingbird Feeder shown in Exhibit G.

30. Upon information and belief, Defendant has been and is inducing infringement of the '242 Patent by actively and knowingly inducing others to use at least its Smart Bird Feeder shown in Exhibit B, its Bundled Bird Feeders shown in Exhibit D, its Smart Hummingbird Feeder shown in Exhibit E, and its Bundled Hummingbird Feeder shown in Exhibit G, which embody or use the invention claimed in the '242 Patent.

31. Defendant's activities in connection with the above-identified acts constitute infringement of the '242 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq*.

32. Defendant is liable for direct infringement and inducing infringement of the '242 Patent pursuant to 35 U.S.C. § 271(a) and (b).

33. Upon information and belief, Defendant's infringement has been, and continues to be deliberate, knowing, and willful.

34. Defendant's acts of infringement of the '242 Patent have caused and will continue to cause Plaintiffs damages for which Plaintiffs are entitled to compensation pursuant to 35 U.S.C. § 284.

35. Defendant's acts of infringement of the '242 Patent have caused and will continue to cause Plaintiffs immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiffs have no adequate remedy at law.

36. This case is exceptional and, therefore, Plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. § 285.

## Request for Relief

Wherefore, Plaintiffs request judgment against Defendant as follows:

a. Adjudging that Defendant has infringed the '242 Patent, in violation of 35 U.S.C. § 271(a) and (b);

b. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '242 Patent;

c. Ordering Defendant to account and pay damages adequate to compensate Plaintiffs for Defendant's infringement of the '242 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    d.  Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

    e.  Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

    f.  Declaring this case exceptional and awarding Plaintiffs their reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

    g.  Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Dated: November 8, 2024 | Respectfully submitted,<br><br>*/s Stephanie S. Riley*<br>Stephanie S. Riley (#5803)<br>Zachary Murphy (#6881) |
| Salvatore Anastasi<br>Matthew Hennesy<br>BARLEY SNYDER<br>2 Great Valley Parkway, Suite 110<br>Malvern, PA 19355<br>Telephone: (610) 889-3699<br>Facsimile: (610) 889-3696<br>sanastasi@barley.com<br>mhennesy@barley.com | WOMBLE BOND DICKINSON (US) LLP<br>1313 North Market Street, Suite 1200<br>Wilmington, DE 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Stephanie.Riley@wbd-us.com<br>Zachary.Murphy@wbd-us.com<br><br>*Attorneys for Plaintiffs Woodstream Corporation and Frederick Perkins* |

9