UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

————

No. 1:24-cv-01236

————

**Woodstream Corporation et al.,**
*Plaintiffs,*
v.
**Bird Buddy, Inc.,**
*Defendant.*

————

## OPINION AND ORDER

Now before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 19. Defendant argues that plaintiffs' amended complaint fails to allege that defendant's electronic bird feeder meets the necessary limitations of plaintiffs' asserted patents. Doc. 20 at 4. For the reasons below, defendant's motion is denied.

### I. Background

Plaintiff Frederick Perkins is the owner of U.S. Patent No. 11,627,242, which is directed to a "self-contained bird feeder with [a] camera" for streaming video. '242 patent at 1:1–2. The relevant claims are as follows:

> **Claim 1.** A self-contained bird feeder configured to provide detailed images over a wireless network, comprising: a bird feeder with a *built in* camera, computer, and internet connection, the bird feeder comprising:
>
> > a. a feeder housing;
> >
> > b. a feeder bottom;
> >
> > c. a feed port disposed on the feeder bottom;
> >
> > d. the camera *internally mounted* to the bird feeder such that the camera is aligned with the feed port to observe feeding birds;
> >
> > e. the computer located within the feeder housing;

f. an internal power source; and

g. a WiFi adapter located within the feeder housing.

. . .

**Claim 3.** The self-contained bird feeder of claim 1 further comprising a feed compartment disposed in the feeder housing and a feed compartment separator disposed in the feed compartment, whereby feed is fed by gravity from the feed compartment through the feeder housing, to the feeder bottom, and then to the feed port.

'242 patent at 7:2–19 (emphasis added). The following figure illustrates the invention:



**'242 patent, fig. 1**

Plaintiffs allege that defendant infringes the '242 patent by "using, selling, and offering for sale the Bird Buddy Smart Bird Feeder" and other similar or bundled products. Doc. 17 at 3. This product is "a bird feeder with a camera internally mounted to the bird feeder such that the camera is aligned to observe feeding birds." Doc. 17 at 3. They clarify that the camera "is internally

mounted and integrated with the feeder structure by a magnet and optional security screw located inside the feeder compartment." *Id.* at 4.

Defendant moved to dismiss, arguing that plaintiffs' complaint fails to meet the Rule 12(b)(6) plausibility standard for two reasons: "(1) Bird Buddy's website relied on in the amended complaint plainly shows that its camera is the *opposite* of 'built in' or 'internally mounted,' and (2) the '242 Patent's prosecution history reveals that Mr. Perkins distinguished cameras that are simply 'in' the feeder as now alleged." Doc. 20 at 7.

## II. Analysis

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs' factual content needs to allow the court to draw the "reasonable inference" that defendant is liable for the conduct alleged. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In patent cases, "[a] plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). The complaint need only "place the alleged infringer on notice of what activity is being accused of infringement." *Id.* (cleaned up). "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

### A. "Built in" and "internally mounted"

First, the court will address whether plaintiffs have plausibly alleged that the Bird Buddy camera is "built in." The '242 patent claims "a bird feeder with a *built in* camera." '242 patent at 7:3–4. Plaintiffs' claim charts, for this limitation, allege that the Bird Buddy device has a "camera module in the feeder." Doc. 17-4 at 2. Defendant argues that because its products have a camera that is "modular and interchangeable among bird feeders,"[1] the accused products do not meet the "built in" claim limitation. Doc. 20 at 21. Plaintiffs argue that because the camera is "integrated with the feeder structure design and mounted within the bird feeder using [a] magnet," it meets this limitation. Doc. 21 at 12.

Further, plaintiffs allege that there is a "camera module in the feeder . . . [that] has a camera." Doc. 17-4 at 2. That camera is "fully seated in the feeder and connected to the magnet located inside the feeder." Doc. 17 at 4. The interior of the feeder "contains a magnet that facilitates . . . mounting." *Id.* It contains other elements, including a security screw, to "further secure the . . . mounted camera." *Id.*

Plaintiffs also claim the camera "only works when integrated with the Bird Buddy feeder housing." *Id.* They argue that because the camera module "cannot operate as a standalone device to take pictures," it thus functions as a "built in" camera. *Id.* Defendant believes that this is not true, as the website shows the modular camera being used with the Bird Buddy *bird bath* (thus, not integrated with the *feeder*), which is not accused of infringement. Doc. 22 at 9. Even assuming defendant is correct, plaintiffs' allegation is not "inconsistent with the requirements of " [the '242 patent's claims. *Bot M8*, 4 F.4th at 1346. For example, if the claim-construction definition of "built in" would cover a screwed-in camera module that could be uninstalled and then installed in other housings, the camera can still plausibly be built into one infringing

---

[1] Defendant cites portions of the Bird Buddy website—portions not cited in plaintiffs' complaint—for support of its product's modularity and interchangeability. Doc. 20 at 13. The court assumes both for the sake of argument.

housing and subsequently built into a second noninfringing housing.

Defendant thus asks the court to limit the meaning of "built in" to a camera that is fixed and not removable—something that is more limited than "mounted," "modular," and "secured." In other words, defendant asks the court to engage in claim construction. Claims are given "their broadest possible construction" at the motion-to-dismiss stage. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012). "[S]ometimes a claim's meaning may be so clear on the only point that is ultimately material to deciding the dismissal motion that no additional process is needed." *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024).

Here, the meaning of the claim term is not "so clear" as to foreclose a definition of "built in" that incorporates the Bird Buddy camera module design. Plaintiffs allege that the Bird Buddy camera is mounted to the feeder and contains a security screw to "secure" it to the feeder. It is thus plausible that the Bird Buddy's camera is "built in."

Defendant cites *Golden v. Intel Corporation* to argue that plaintiffs' "claim charts omit key language . . . that would be essential for proving infringement." Doc. 22 at 5 (quoting *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) (per curiam)). The problem the Federal Circuit addressed in *Golden* was distinguishable. There, the Federal Circuit held that the plaintiff's claim charts had entirely *omitted* key limitations that were "essential for proving infringement." *Golden*, 2023 WL 3262948, at *2. The *Golden* plaintiff tried to sue on a claim for "generic PCs and CPUs, with no limitations," when the plaintiff's patents were "concerning a system for locking . . . vehicles . . . upon the detection of chemical, radiological, and biological hazards." *Id.* at *1–2.

Here, defendant's argument is not that plaintiffs omitted key limitations from their claim charts—indeed, the claim chart attached to plaintiffs' complaint fully reproduces the claim

language in full, including both disputed limitations—"internally mounted" and "built in." Defendant's argument is instead that its accused product does not *meet* those limitations. This argument is more appropriate for claim construction.

The court will follow the breadth of precedent in the Federal Circuit and District of Delaware that declines to engage in claim construction in resolving a dispute about infringement-allegation sufficiency at the motion-to-dismiss stage. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (denying defendants' Rule 12(b)(6) arguments where they "read like classic *Markman* arguments" and noting that the "purpose of a motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*" (quoting *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990))); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 671 (D. Del. 2010) ("The Court will follow [a] lengthy line of cases and conclude that claim construction is not appropriate upon the present record of this Rule 12(b)(6) motion."); *Bos. Fog, LLC v. Ryobi Techs., Inc.*, No. 1:19-cv-02310, 2020 WL 1532372, at *4 (D. Del. Mar. 31, 2020) (citing *Nalco*, 883 F.33d at 1349), *report and recommendation adopted*, 2020 WL 8079820 (D. Del. June 12, 2020); *Magnacross LLC v. GE MDS LLC*, No. 1:20-cv-00964, 2020 WL 6581530, at *4 (D. Del. Nov. 10, 2020) (holding that when a defendant's argument "seems to turn on an issue of claim construction," the court "declines to reach issues of claim construction in ruling on a motion to dismiss"); *D&M Holdings Inc. v. Sonos, Inc.*, No. 1:16-cv-00141, 2017 WL 1395603, at *10 (D. Del. Apr. 18, 2017) ("On a motion to dismiss, I will not engage in claim construction or look beyond the four corners of the complaint.").

The court moves to the next term—"internally mounted." The '242 patent claims a "camera *internally mounted* to the bird feeder such that the camera is aligned with the feed port to observe feeding birds." '242 patent at 7:7–9 (emphasis added). Defendant claims that because the camera in the accused product rests in an "external recess on the outside of the bird feeder," it is

thus not "internally mounted." Doc. 20 at 13. Plaintiffs counter that the camera is placed "into the feeder" and that it is "surrounded by the feeder above, below, and on three sides; only its front is exposed." Doc. 21 at 11. This, they argue, meets the "internally mounted" limitation.

Again, examining the allegations in plaintiffs' complaint, they include multiple times that the camera is "internally mounted." Doc. 17 at 3. Plaintiffs state that the design of the bird feeder includes a "security screw" that "secure[s] the internally mounted camera." *Id.* at 4. This screw and a magnet are alleged to be "located inside the feeder compartment." *Id.* Finally, they note in their claim charts that the front face of the camera module is "in the bird feeder and aligned with the feed port," and they attach images showing this. Doc. 17-4 at 2–3. They conclude this "unequivocally meets the definition of 'internally mounted' in the patent." Doc. 21 at 3 (citing Doc. 17-4 at 3).

This is enough to allege that the Bird Buddy feeder meets the "internally mounted" camera limitation. Defendant's arguments ask this court to decide, by only looking at the pleadings, what counts as the "inside," whether the camera must be mounted *within* the inside or instead *from* the inside, and other similar questions. For the same reasons as above, the court will decline to do so.

Finally, defendant claims that "internally mounted" is a "material limitation that requires more detailed allegations." Doc. 22 at 7–8 (first citing *Bot M8*, 4 F.4th at 1353; and then citing *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022)). The technology here is less complex than that in *Bot M8*, which dealt with various patents for gaming authentication. *Bot M8*, 4 F.4th 1347–48. As other courts have noted, "[i]n the context of literal infringement, every claim element is material." *Vervain*, 2022 WL 23469, at *5. Even under the materiality consideration espoused in *Bot M8*, plaintiffs' complaint presented "a higher level of detail in pleading infringement." *Id.* In *Vervain*, the court held that the allegations "require

- 7 -

whether the inventor limited the invention in the course of prosecution").

As noted in *Phillips*, the prosecution history is considered as "intrinsic evidence"—evidence which is "primarily rel[ied] on" and "usually dispositive" in construing claim terms. *SkinMedica, Inc. v. Histogen Inc.*, 727 F.3d 1187, 1195 (Fed. Cir. 2013) (citing *Phillips*, 415 F.3d at 1315). And it is true that statements made during patent prosecution can operate as a disclaimer of patent scope at the claim-construction stage so long as they are "clear and unambiguous" and "constitute a clear disavowal of scope." *Cont'l Cirs. LLC v. Intel Corp.*, 915 F.3d 788, 798 (Fed. Cir. 2019). But here, "it is just not crystal clear . . . that [plaintiffs'] allegations of infringement are implausible due to disavowal." *Olink Proteomics AB v. Alamar Biosciences, Inc.*, No. 1:23-cv-01303, 2025 WL 275604, at *9 (D. Del. Jan. 23, 2025), *report and recommendation adopted*, 2025 WL 459697 (D. Del. Feb. 11, 2025).

Defendant also cites *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018), to support its argument that this court should dismiss plaintiffs' complaint under Rule 12(b)(6) in light of the patent's prosecution history. Doc. 20 at 5. In *Ottah*, the pro se plaintiff argued that a back-up camera infringed claim 1 of its patent, which was directed to "[a] book holder for removable attachment." *Ottah*, 884 F.3d at 1137. The patent's specification noted that the platform "may also be used to support such items as audio/video equipment . . . [and] cameras." *Id.* at 1138.

The district court held that it was implausible to conclude that a book holder could be "construed to cover a mobile camera device, a mounted camera, or any kind of camera." *Id.* at 1141. As to whether the claim covered a camera *holder*, plaintiff argued that books and cameras were equivalent under the doctrine of equivalents. *Id.* The court held that the claim was "explicitly limited to books" and that "the record negates access to equivalency of cameras and books." *Id.* at 1141.

The Federal Circuit recognizes a "clear distinction" between "statements in the prosecution history . . . defining a claim term"

and "prosecution history estoppel, which limits expansion of the protection under the doctrine of equivalents when a claim has been distinguished over relevant prior art." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1578 (Fed. Cir. 1995). The former is more appropriate for a claim-construction hearing, and the latter, as in *Ottah*, is directed toward arguments of equivalence (and not literal infringement). *Cf. Amgen Inc. v. Coherus Biosciences Inc.*, No. 1:17-cv-00546, 2018 WL 1517689, at *4 (D. Del. Mar. 26, 2018) (dismissing while examining prosecution history estoppel and acknowledging the plaintiff's arguments that the defendant "does not literally infringe"), *aff'd*, 931 F.3d 1154 (Fed. Cir. 2019). Here, plaintiffs have not made any argument directed toward the doctrine of equivalents—rather, plaintiffs' allegations are directed toward literal infringement.

Therefore, the court will take up defendant's arguments about the prosecution history at a future claim-construction hearing. But at this stage of the litigation, plaintiffs' complaint is sufficient under *Twombly* and *Iqbal*.

## III. Conclusion

For the reasons highlighted above, defendant's motion to dismiss the amended complaint (Doc. 19) is denied. Defendant will be free to reassert its claim-construction arguments at any future *Markman* hearing.

*So ordered by the court on August 22, 2025.*

J. CAMPBELL BARKER
United States District Judge